IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON SINDELIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-1567-D |
| | § | |
| KEVIN VERNON, JR. and | § | |
| JOHN DELEON, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which plaintiff Brandon Sindelir ("Sindelir") alleges

that defendant Kevin Vernon, Jr. ("Vernon"), a former police officer of the City of Ferris,

Texas, is liable under 42 U.S.C. § 1983 for violating her Fourth Amendment rights by using

excessive force against, and illegally detaining, her.  The present decision, however, focuses

on Sindelir's claims against another defendant: John Deleon ("Chief Deleon"), the Ferris

Police Department ("Ferris PD") Chief of Police.  Sindelir alleges that Chief Deleon is

individually liable under § 1983 for improperly hiring Vernon, and that Chief Deleon, in his

official capacity (i.e., the City of Ferris), is liable under § 1983 based on municipal liability

under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

Chief Deleon moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that

Sindelir has failed in her second amended complaint ("SAC") to state a claim on which relief

can be granted and that Chief Deleon is entitled to qualified immunity.  Chief Deleon also

maintains that Sindelir cannot recover punitive damages against him in his individual

capacity.  For the reasons explained, the court grants Chief Deleon's motion and dismisses

with prejudice the claims against him in his official and individual capacities by Rule 54(b)

final judgment filed today.

I

The court assumes the parties' familiarity with its prior memorandum opinions and

orders in this case, *see Sindelir v. Vernon* (*Sindelir I*), 2023 WL 2064726, at *1-2 (N.D. Tex.

Feb. 16, 2023) (Fitzwater, J.), and recounts the facts and procedural history only as necessary

to understand this decision.

The court previously granted Chief Deleon's motion to dismiss, dismissing Sindelir's

claims against Chief Deleon without prejudice and granting Sindelir leave to file a SAC.

Sindelir then filed her SAC, asserting additional factual information and legal arguments to

support her claims against Chief Deleon.  Sindelir includes a City of Ferris Organizational

Chart, which indicates that the Chief of Police operates over employees of the Ferris PD,

including patrol officers like Vernon, but under the City Manager, Interim City Secretary,

the Mayor, the City Council, and the Citizens of Ferris.  Sindelir also alleges that, according

to "Section 32.20," the Chief of Police can govern the Police Reserve Force and terminate

members of the Police Reserve Force at his discretion.  Although Sindelir cites "Section

32.20," she does not specify where this "Section" can be found or whether this section has

the force of law.  Regardless, the court has determined that Sindelir intends to cite the City

of Ferris, Texas Code of Ordinances.  *See* Ferris, Tex., Code of Ordinances § 32.20 (1987).

Of importance, this section addresses the "Police Reserve Force," not patrol officers. *Id.*[1]

Chief Deleon moves to dismiss all claims brought against him in his individual and official capacities.  Sindelir opposes the motion, which the court is deciding on the briefs.

II

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of the plaintiff's complaint "by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (alterations adopted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive Chief Deleon's Rule 12(b)(6) motion, Sindelir's amended complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 (citation omitted) ("Factual allegations

---

[1]According to Section 32.20, the Police Reserve Force consists of no more than 25 persons who volunteer "to assist the regular members of the [Ferris PD] in the enforcement of law and the maintenance of peace and order during periods of emergency designated by the Chief of Police."  According to the City of Ferris Organizational Chart, Police Reserves are separate from and report to Patrol Officers.

must be enough to raise a right to relief above the speculative level . . . .").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alterations adopted) (quoting Rule 8(a)(2)).  Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U. S. at 555).

### III

The court turns first to Sindelir's claim alleged against Chief Deleon in his official capacity, i.e., her claim that the City of Ferris is liable under § 1983 based on *Monell*.  A suit against Chief Deleon in his official capacity is "in all respects other than name" a suit against the city.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

### A

Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

"The existence of a policy can be shown through evidence of an actual policy,

-4-

regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle*, 613 F.3d at 542 (citing *Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003)). "[A] single decision by a policy maker may, under certain circumstances, constitute a policy for which the [municipality] may be liable." *Brown v. Bryan Cnty.*, 219 F.3d 450, 462 (5th Cir. 2000). "However, this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Valle*, 613 F.3d at 542 (citing *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (per curiam)).

"Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law." *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986)). "Policymaking authority requires more than a showing of mere discretion or decisionmaking authority on the part of the official." *Arevalo v. City of Farmers Branch*, 2017 WL 5569841, at *5 (N.D. Tex. Nov. 20, 2017) (Fitzwater, J.) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam)). "[T]he policymaking authority of chiefs of police within their own department is not something that can be inferred from their title alone." *Id.* at *6. Facts must be pleaded demonstrating that the relevant governing body either expressly or impliedly delegated policymaking authority to the relevant official. *See id.* at *5 (citations omitted).

B

Viewing the SAC in the light most favorable to Sindelir, the court holds that it fails to allege sufficient facts to plausibly plead that Chief Deleon is a final policymaker for

purposes of municipal liability.   The City of Ferris Organizational Chart does not

demonstrate that Chief Deleon has the policymaking authority of the City of Ferris Police

Department.   Indeed, it establishes that Chief Deleon is subordinate to the City Manager, the

Interim City Secretary, the Mayor, and the City Council.   Additionally, although Sindelir

cites a section of the city ordinances which demonstrate that Chief Deleon may have

policymaking authority over members of the Police Reserve Force, this fact is inapplicable

because Officer Vernon was a patrol officer, not a member of the police reserve.   And insofar

as Sindelir relies on additional facts included in her first amended complaint to demonstrate

Chief Deleon's policymaking authority, the court's decision in *Sindelir I* (which the court

adopts here) adequately addresses them.

Because Sindelir has failed to plausibly plead that Chief Deleon is a final policymaker

for the City of Ferris, her claim (count three) that Chief Deleon is liable in his official

capacity (and, in turn, that the City of Ferris is liable under *Monell*) for Vernon's alleged

Fourth Amendment violations is dismissed.

IV

The court now considers Sindelir's claim against Chief Deleon in his individual

capacity for improper hiring.[2]

---

[2]Although the caption of count four of the SAC refers to a claim for improper
retention, hiring, and training against Chief Deleon in his individual capacity, as discussed
in *Sindelir I*, 2023 WL 2064726, at *4 n.4, the complaint itself only pleads facts relevant to
an improper hiring claim.   In her response to the motion to dismiss, Sindelir does not brief
claims for improper retention or training.   Accordingly, because Sindelir has not pleaded any
facts to support a claim for improper retention or training, the court dismisses any such claim

-6-

Chief Deleon contends that this claim fails on the merits and because he is entitled to qualified immunity. The court in *Sindelir I* dismissed Sindelir's improper hiring claim on the ground that Chief Deleon is entitled to qualified immunity. *Sindelir I*, 2023 WL 2064726, at *4-5. In her SAC, Sindelir fails to alleges any additional facts that have any bearing on his Chief Deleon's qualified immunity defense. The court therefore adopts the reasoning of *Sindelir I* and holds that Chief Deleon is entitled to qualified immunity with respect to Sindelir's improper hiring claim. Sindelir's improper hiring claim under § 1983 is therefore dismissed.

V

Sindelir also brings a claim for punitive damages against Chief Deleon in his individual capacity. But as Chief Deleon points out, because all claims against him in his individual capacity are being dismissed, Sindelir's claim for punitive damages against him must also be dismissed. *See* D. Br. (ECF No. 37) at 25 ("Plaintiff has not and cannot establish a claim against Chief Deleon in his individual capacity if she is suing him in his individual capacity. Therefore, any individual capacity claims for punitive damages also fail.").

*   *   *

For the reasons stated, the court grants Chief Deleon's motion to dismiss. All claims brought against Chief Deleon in his official and individual capacities are dismissed with

---

to the extent Sindelir intends to assert such a claim.

prejudice by Rule 54(b) final judgment filed today.

      **SO ORDERED**.

      June 28, 2023.


_____
SIDNEY A. FITZWATER
SENIOR JUDGE